UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYRON ALBORNOZ POSSO, <br><br> Petitioner, <br><br> v. <br><br> WARDEN FCI FORT DIX, <br><br> Respondent. | Case No. 24–cv–04555–ESK <br><br><br> OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Dayron Albornoz Posso's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) arguing that the Bureau of Prisons (Bureau) improperly revoked his good conduct credits that he had earned pursuant to the First Step Act (Act). (ECF No. 1.) Respondent Fort Dix Warden opposes the Petition. (ECF No. 6.) For the following reasons, I will deny the Petition.

    **I.    FACTS AND PROCEDURAL HISTORY**

    Petitioner is a citizen of Colombia. (ECF No. 6 p. 5.) On April 2, 2019, petitioner pleaded guilty to manufacturing and distributing cocaine intending and knowing that the cocaine would be unlawfully imported into the United States, 21 U.S.C. §§ 959, 960(b)(1)(B). *United States v. Posso*, No. 4:16–cr–00046 (E.D. Tex. Apr. 2, 2019) (ECF No. 127.)[1] The plea agreement included the statement that petitioner recognized he was pleading guilty to an offense that was a removable offense under federal immigration law. (*Id.* p. 6.) Petitioner received as 135-month sentence on October 7, 2019. *Posso*, No.

---

[1] I take judicial notice of the public filings in petitioner's criminal case.

4:16–cr–00046 (ECF No. 194.) On February 8, 2024, the district court granted petitioner's motion to reduce his sentence and reduced petitioner's sentence to 108 months. *Posso*, No. 4:16–cr–00046 (ECF No. 300.) His projected release date from Bureau custody is February 13, 2025. (ECF No. 6–1 p. 6.)

On February 14, 2024, the Department of Homeland Security (Department) issued a Notice and Order of Expedited Removal (Removal Order) to petitioner pursuant to the Immigration and Nationality Act "as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa … or other valid entry document … ." (ECF No. 6–1 pp. 15, 16); 8 U.S.C. § 1182(a)(7)(A)(i)(I).

Petitioner filed his Petition on April 4, 2024 while confined in Fort Dix Federal Correctional Institution (Fort Dix). (ECF No. 1.) He argues that the Bureau improperly revoked good conduct credits that he had earned prior to receiving the Removal Order. (*Id.* p. 1.) He argues this delayed his release date from February 14, 2024 to February 13, 2025. (*Id.* p. 3.) He asserts the Bureau was required to release him to begin his supervised release term on February 14, 2024 based on the 365-days of good conduct credit that had previously been applied to his sentence. (*Id.* p. 4.)

Respondent opposes the Petition, arguing that it should be dismissed because petitioner failed to exhaust his administrative remedies. (ECF No. 6 p. 9.) Alternatively, respondent argues that the Petition is meritless because the Act prohibits the application of good conduct credits to the sentences of prisoners with final removal orders. (*Id.* p. 11.)

## II.   LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the

>application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

### III. DISCUSSION

"Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). "Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review." *Rodriguez v. Sage*, No. 1:22–cv–2053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62. However, "a prisoner need not exhaust administrative remedies where the issue presented involves only statutory construction … ." *Vasquez v. Strada*, 684 F.3d 431, 433–34 (3d Cir. 2012). I need not decide whether petitioner was required to exhaust his claims because they are subject to dismissal on the merits.

Under the Act, federal prisoners who complete "evidence-based recidivism reduction programming or productive activities" are entitled to earn good conduct credits to be applied towards early supervised release. 18 U.S.C. § 3632(d)(4)(A). However, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). "The statute thus bars any inmate who is subject to a final order of removal from receiving [good conduct] credits or applying any previously earned credits towards early supervised release." *Sanchez-Leyva v. Warden, FCI Ft. Dix*, No. 24–cv–06118, 2024 WL 4249544, at *2 (D.N.J. Sept. 20, 2024) (citing *Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23–cv–00091, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023)).

Petitioner frames his argument as asserting the Bureau "withdrew" credits that had already been applied to his sentence prior to February 14, 2024. (ECF No. 1 p. 5.) Put differently, he argues the Bureau "improperly denied him of a 'vested' interest in credits he earned under the First Step Act upon his receipt of a final order of removal." *Fernandez v. Warden, FCI Ft. Dix*, No. 24–cv–09014, 2024 WL 4542198, at *1 (D.N.J. Oct. 21, 2024). "While Petitioner believes that he had a vested interest in his credits under the First Step Act, he is mistaken." *Id.* The credits at issue are "contingent in nature based on the clear statutory language–if an alien receives a final order of removal he may not apply any credits earned under the [A]ct towards early release." *Id.* Petitioner's "interest was always dependent on not having a removal order, and it is the clear language of the statute, and not the [Bureau], which has deprived him of the ability to apply his credits." *Id.*

Petitioner's argument that the Act's language is ambiguous is not persuasive. He provides no legal authority for his assertion that only credits earned after the issuance of a final removal order may not be applied pursuant

4

to the Act. (ECF No. 8 p. 6.) On the other hand, courts presented with similar questions have concluded that federal prisoners with final removal orders are explicitly excluded from the class of persons who are eligible to apply good conduct credits to their sentences regardless of when those credits were "earned." *See, e.g.*, *Peguero v. Warden, FCI Ft. Dix*, No. 24–cv–07080, 2024 WL 4542197, at *2 (D.N.J. Oct. 21, 2024) ("Because [p]etitioner admits he has received an order of removal, he is neither eligible to earn further credits, nor can he apply the 170 days of previously earned credits."); *Fernandez*, 2024 WL 4542198, at *1 ("The [Act] thus bars any inmate who is subject to a final order of removal from receiving [Act] credits or *applying any previously earned credits* towards early supervised release." (emphasis added)); *Sanchez-Leyva*, 2024 WL 4249544, at *2 ("As the record shows that [p]etitioner is subject to a final, reinstated order of removal, he is statutorily ineligible to apply *any* credits he may have accrued under the First Step Act." (emphasis added)); *Gonzalez-Garcia*, 2023 WL 3020872, at *2 (same).

    I find these cases persuasive and conclude that the Act's language is unambiguous in prohibiting the Bureau from applying any good conduct credits to the sentences of federal prisoners with final removal orders.[2] "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992) (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)). Petitioner has a final Removal Order. (ECF No. 6–1 pp. 15, 16). Therefore, the plain text of the Act prohibits the Bureau from applying good conduct credits to his sentence. Therefore, I will deny the Petition.

---

[2] Because I conclude that the Act's language is unambiguous, petitioner's reliance on *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024) is misplaced.

## IV. CONCLUSION

For the reasons stated above, I will deny the Petition. An appropriate Order accompanies this Opinion.

                                                                   */s/ Edward S. Kiel*
                                                                   **EDWARD S. KIEL**
                                                                   UNITED STATES DISTRICT JUDGE

Dated: October 29, 2024